UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAN KOUAY SAEYANG,            )
                              )
    Petitioner,               )    CASE NO.    C07-1092-JCC-JPD
                              )
    v.                        )
                              )
TIMOTHY WENGLER,              )    REPORT AND RECOMMENDATION
                              )
    Respondent                )
_____)

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner San Kouay Saeyang is currently in the custody of the Washington Department of Corrections pursuant to a judgment of the King County Superior Court. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2004 convictions on charges of first degree robbery and first degree burglary. Respondent has filed an answer to the petition together with relevant portions of the state court record. The briefing is now complete and this matter is ripe for review. Following careful consideration of the record, this Court concludes that petitioner's § 2254 petition should be denied and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## FACTUAL AND PROCEDURAL HISTORY

The Washington Court of Appeals, on direct appeal of petitioner's conviction, summarized the facts of petitioner's crimes as follows:

> Pharat Roeuth invited his friend Nak Ly and an acquaintance, Buntha Earng, to his house to play video games. Earng arrived by himself and told Roeuth that Ly was on his way. After Roeuth invited Earng inside, Earng produced a pistol, racked a round into its firing chamber and held the pistol to Roeuth's head. Earng commanded Roeuth to tell him where he kept his cash, and called another man, unfamiliar to Roeuth, into the apartment. The other man pointed another handgun at Roeuth and Earng went into Roeuth's bedroom and took Roeuth's hidden cash. While Earng was in the bedroom, the other man took jewelry Roeuth was wearing. Earng and the other man left, threatening Roeuth not to involve police. The entire incident took no more than five minutes.
>
> Ly arrived later, and persuaded Roeuth to call police. Based on Roeuth's description and information about Earng's associates, officers constructed a photographic montage that included a picture of the defendant, San Saeyang. Roeuth immediately identified Saeyang's picture with 100 per cent certainty as the man who had taken his jewelry. Two days later, police located and arrested Earng in a park and Saeyang in the bedroom of a nearby house. Saeyang was sitting on a bed a short distance away from a shotgun and a bag containing three pistols.
>
> Saeyang was charged with first degree robbery and first degree burglary, each crime alleged to have been committed while armed with a firearm. Earng received the same charges. The defendants were tried together.
>
> Before trial, defense counsel jointly moved to exclude any reference to the four firearms found in the bedroom with Saeyang. In response, the prosecutor indicated she did not intend to refer to the shotgun but argued the handguns were relevant in light of the handguns used in the robbery. After discussing a procedure for Roeuth to view the pistols, the court denied the defense motion.
>
> In her opening statement, the prosecutor referred to the shotgun and the three handguns. Neither defense counsel objected at the time, but counsel later jointly moved for a mistrial based on the mention of the shotgun. The court denied the mistrial, noting the jury would receive the standard instruction to disregard unsupported argument, and offered to give an additional specific curative instruction. Counsel for each defendant declined. The shotgun was not mentioned again during the trial in evidence or argument.

REPORT AND RECOMMENDATION
PAGE - 2

> The State presented evidence of the entire encounter between Roeuth and the defendants and did not elect to rely on any specific part of the incident to prove the charges. Neither the State nor either of the defendants proposed an instruction requiring the jury to be unanimous about any particular act by either of the codefendants that constituted the robbery and the court gave no such instruction. In addition to identifying each defendant, Roeuth identified one of the three recovered handguns as very similar to the gun Earng used in the robbery. The jury rejected Saeyang's defense that he was misidentified and Earng's alibi defense and found both men guilty.

(Dkt. No. 12, Ex. 2 at 1-3.)

On January 7, 2005, petitioner was sentenced to a total term of confinement of 197 months. (*Id.*, Ex. 1 at 4.) Petitioner appealed his conviction to the Washington Court of Appeals. (*Id.*, Ex. 3.) In his brief of appellant, prepared by his appellate counsel, petitioner argued that he was denied his right to a unanimous jury when the trial court failed to instruct the jury it had to be unanimous as to the act constituting the robbery, and that the prosecutor's reference to a shotgun in opening statements denied him a fair trial. (*See id.*) Petitioner presented a number of additional grounds for relief, *pro se*, in a statement of additional grounds for review. (*Id.*, Ex. 5.) On July 31, 2006, the Court of Appeals affirmed petitioner's conviction. (*Id.*, Ex. 2.)

Petitioner thereafter filed a petition for review in the Washington Supreme Court. (*Id.*, Ex. 6.) Petitioner argued in his petition for review that his right to a unanimous jury was violated when the trial court failed to properly instruct the jury and that his right to a fair trial was violated when the prosecutor mentioned a shotgun during her opening statement. (*See id.*) The Supreme Court denied review without comment on June 6, 2007. (*Id.*, Ex. 7.) And, the Court of Appeals issued its mandate terminating direct review on July 6, 2007. (*Id.*, Ex. 8.) Petitioner now seeks federal habeas review of his convictions.

# GROUNDS FOR RELIEF

Petitioner identifies two grounds for relief in his federal habeas petition. Petitioner's claims may be stated as follows:

1. Petitioner was denied his constitutional right to a unanimous verdict when the trial court failed to instruct the jury that it had to be unanimous as to the act constituting the robbery.

2. Petitioner was denied his constitutional right to a fair trial when the prosecutor violated an *in limine* order suppressing the shotgun by mentioning the shotgun in her opening statement.

(*See* Dkt. No. 4 at 5-6 and 16.)

# DISCUSSION

Respondent concedes in his answer to petitioner's federal habeas petition that petitioner has properly exhausted his two grounds for relief. Respondent argues, however, that petitioner's first ground for relief fails to allege a federal constitutional claim and that the decision of the Washington Court of Appeals with respect to petitioner's second ground for relief was not contrary to or an unreasonable application of clearly established federal law.

## Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or

if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

## Jury Unanimity

Petitioner asserts in his first ground for relief that he was denied his constitutionally protected right to a unanimous jury when the trial court failed to instruct the jury that it had to be unanimous as to the act constituting the robbery. Petitioner contends that the state produced evidence of two distinct acts which could form the basis of the robbery charge and because the state did not elect which of the two acts it intended to rely upon for conviction, the trial court was required to instruct the jury that it had to unanimously agree on the same criminal act for conviction. Petitioner relies upon the Washington Supreme Court's decisions in *State v. Kitchen*, 110 Wn.2d 403 (1988), and *State of Washington v. Petrich*, 101 Wn.2d 566 (1984), to support his argument that a unanimity instruction was required.

The Washington Court of Appeals, on direct review of petitioner's conviction, rejected petitioner's claim that he was entitled to a unanimity instruction. The Court of Appeals explained that, under Washington law, a unanimity instruction is not required where the defendant's acts form a continuing course of criminal conduct. The Court of Appeals concluded that "the facts of this case clearly presented a continuing offense." (Dkt. No. 12, Ex. 2 at 4-5.)

REPORT AND RECOMMENDATION
PAGE - 5

While petitioner alleges that the trial court's failure to give a unanimity instruction implicates both state and federal constitutional concerns, the crux of his argument is that, under the facts of his case, state law required a unanimity instruction be given and the Court of Appeals erred in concluding otherwise. Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Moreover, it is not the province of federal habeas courts to re-examine state court conclusions regarding matters of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510 U.S. 1191 (1994). Because the Washington Court of Appeals concluded that a unanimity instruction was not required under state law, petitioner's claim that he was denied his right to a unanimous jury on the robbery charge is not cognizable in these proceedings.

Even assuming petitioner's claim can properly be construed as one raising federal constitutional concerns, he is not entitled to relief in these proceedings because his claim is not based upon clearly established federal law as determined by the United States Supreme Court. In fact, the Supreme Court has made clear that jury unanimity as to the means by which a crime is committed is not required. *See Schad v. Arizona*, 501 U.S. 624 (1991). In *Schad*, the Supreme Court stated that

> We have never suggested that in returning general verdicts . . . the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone. In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *McKoy v. North Carolina*, 494 U.S. 433, 449, 110 S.Ct. 1227, 1236-1237, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring) (footnotes omitted).

*Schad*, 501 U.S. at 631-32.

As petitioner has not established that his first ground for relief alleges a claim implicating federal constitutional concerns, and as it appears there is no federal constitutional basis for his jury

REPORT AND RECOMMENDATION
PAGE - 6

unanimity claim, petitioner's federal habeas petition should be denied with respect to his first ground for relief.

### Prosecutorial Misconduct

Petitioner asserts in his second ground for relief that the prosecutor committed misconduct when she violated an *in limine* order suppressing a shotgun that was found by police in the room where petitioner was arrested. Petitioner contends that a mistrial should have been declared after the prosecutor referenced the shotgun during her opening statement, and that this instance of prosecutorial misconduct deprived him of a fair trial.

When a prosecutor's conduct is placed in question, the standard of review is the "narrow one of due process, and not the broad exercise of supervisory power." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974). This court cannot issue a writ of habeas corpus to state authorities unless the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. at 643; *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

In order to assess a claim that a prosecutor's comments constitute a due process violation, it is necessary to examine the entire proceedings and place the prosecutor's statements in context. *See Greer v. Miller*, 483 U.S. 756, 765-66 (1987). Habeas relief can be granted if the prosecutor's improper comments "had substantial and injurious effect or influence in determining the jury's verdict." *See e.g., Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

The Washington Court of Appeals rejected petitioner's prosecutorial misconduct claim on direct appeal, explaining its conclusion as follows:

> Saeyang also contends that the prosecutor's improper reference to the shotgun in her opening statement constituted misconduct that deprived him of a fair trial. We disagree.

REPORT AND RECOMMENDATION
PAGE - 7

> When prosecutorial misconduct is alleged, the defendant bears the burden of establishing that the conduct complained of was both improper and prejudicial. State v. Stenson, 132 Wn.2d 668, 718 940 P.2d 1239 (1997). Even if a defendant proves that conduct by the prosecutor was improper, the misconduct will not constitute prejudicial error unless the appellate court determines there is a substantial likelihood that the misconduct affected the jury's verdict. State v. Brett, 126 Wn.2d 136, 175, 892 P.2d 29 (1995).
>
> The decision to deny a request for mistrial based upon prosecutorial misconduct lies within the sound discretion of the trial court; an appellate court determines only whether the misconduct, when viewed against the backdrop of all the evidence, so prejudiced the defendant that nothing short of a new trial can insure that the defendant will be tried fairly. State v. Lewis, 130 Wn.2d 700, 707, 927 P.2d 235 (1996). Whereas here, the court instructs the jury to disregard statements of counsel that were not supported by the evidence, the jurors are presumed to abide by such instructions. State v. Weber, 99 Wn.2d 158, 166, 659 P.2d 1102 (1983).
>
> On this record, Saeyang has not rebutted the presumption that the jury followed the instruction and disregarded the prosecutor's unsupported comment. Saeyang has not challenged the trial court's admission of the evidence of the three handguns, two of which Roeuth believed were not involved in the robbery. Viewed against this evidentiary background, we cannot conclude the prosecutor's isolated sloppy and improper mention of the shotgun was so prejudicial that the trial court abused its discretion by failing to order a mistrial.

(Dkt. No. 12, Ex. 2 at 5-6.)

The Court of Appeals applied the proper standard in reviewing petitioner's prosecutorial misconduct claim and reasonably concluded that the prosecutorial misconduct did not deprive petitioner of a fair trial. The record before this Court reflects that the prosecutor referred to the shotgun only once, and that this reference was followed immediately by an acknowledgment that the shotgun was "not really relevant" to the proceedings. (*See* Dkt. No. 12, Ex. 10, Verbatim Report of Proceedings, November 22, 2004, Opening Statements.) The record also reflects that, while no cautionary instruction was requested or given following the opening statements, the jury was instructed at the conclusion of the case that the attorneys' remarks, statements and arguments were not evidence, and that they were to disregard any remark, statement or argument that was not

REPORT AND RECOMMENDATION
PAGE - 8

supported by the evidence.  (*See* Dkt. No. 12, Ex. 9.)  As noted by the Washington Court of Appeals, jurors are presumed to follow such instructions.  *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000), citing, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Petitioner fails to offer any evidence or argument in these proceedings to persuade this Court that the prosecutor's isolated reference to the shotgun, when viewed in the context of the entire trial, "had substantial and injurious effect or influence in determining the jury's verdict."  *See Brecht*, 507 U.S. at 637.  Accordingly, petitioner's federal habeas petition should also be denied with respect to his second ground for relief.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition be denied and that the petition and this action be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 26th day of November, 2007.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9